[No. 3,361.]

THE ABBEY HOMESTEAD ASSOCIATION *v.* A. WILLARD.

EVIDENCE OF TITLE IN EJECTMENT.—On the trial of an action to recover the possession of land, the production by the plaintiff of a lease of the demanded premises, executed by him to the defendant, and signed by the defendant, the term of which expired before the commencement of the action, makes out a *prima facie* case of title in the plaintiff.

SPECIFICATION OF REASONS FOR NEW TRIAL.—If the defendant in ejectment moves for a new trial, and relies on the point that he was entitled to recover upon his evidence of adverse possession, he must include it in his specification of reasons why a new trial should be granted.

PROOF OF OUSTER IN EJECTMENT.—If the answer in ejectment denies an ouster, and the plaintiff fails to prove it, the defendant is entitled to a nonsuit. But if, in such case, the Court denies the nonsuit, and the defendant afterwards proves that he is in possession of the demanded premises, the error is cured.

EVIDENCE AFTER MOTION FOR A NONSUIT.—The Court may permit the plaintiff to introduce further evidence after a motion for a nonsuit is made; and unless the Court in doing so abuses its discretion, its action will not be disturbed.

LEASE, EVIDENCE OF TITLE IN THE PLAINTIFF.—In ejectment, the production of a lease executed by the defendant is *prima facie* evidence of title in the plaintiff, and is not overcome by evidence on behalf of the defendant that he was in possession when he executed the lease. The defendant must not only show possession, but paramount title, in order to overcome the estoppel created by the lease.

REBUTTING EVIDENCE IN EJECTMENT.—If the plaintiff in ejectment rests on proof of a lease executed by the defendant, and the defendant then proves adverse possession, the plaintiff, in rebuttal, may introduce evidence of the deraignment of his title.

ADVERSE POSSESSION BY A TENANT.—The tenant cannot, during the term of a lease, hold adverse possession against the landlord by the mere intention so to hold, and without the doing of some act which would amount to adverse possession by a tenant who enters under a lease.

LEASE INTERRUPTS ADVERSE POSSESSION —The taking of a lease by one in adverse possession, interrupts the running of the statute of limitations, and any subsequent adverse possession cannot be added to the time which had run prior to the lease.

EVIDENCE IN BILL OF EXCEPTIONS OR STATEMENT.—When a statement or bill of exceptions is settled, it will be presumed that it contains all the evidence given in the cause which was necessary in order to explain the points specified, and that it would not have presented a different case in respect to the specified points, had it contained also the omitted evidence.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Ejectment to recover about one hundred acres of land, part of the Visitacion Rancho in San Mateo county. The answer denied the plaintiff's title, and also denied the ouster, and set up an adverse possession of five years. The action was commenced January 12, 1871. The plaintiff was a corporation, and on the trial introduced in evidence a lease of the demanded premises made by it to the defendant, and signed by the defendant, dated May 2, 1870, for the term of six months, reserving a rental of one dollar a month, and proved the value of the use of the premises from October 3, 1870, to the 11th day of January, 1871, and rested. The defendant moved for a nonsuit, because the plaintiff had failed to prove that he was in the possession of the premises when the suit was brought. The Court denied the motion, and then suggested that the plaintiff might prove that the defendant was in possession. The plaintiff thereupon recalled the witness before sworn, and examined him as to the defendant's possession, to which the defendant objected. The plaintiff again rested. The defendant was then sworn on his own behalf, and testified that when the lease was executed, he had been in possession of the demanded premises fifteen years, claiming the same in his own right adversely to the plaintiff and its predecessors and grantors, and that he was still in possession,

The defendant's counsel then offered to prove by him the matters stated in paragraph six of the opinion, but the Court refused to allow the evidence to be introduced. The defendant then rested. The plaintiff, in rebuttal, thereupon was permitted by the Court, against the objections of the defendant, to introduce in evidence a patent issued by the United States for the demanded premises to Henry R. Payson, dated December 15, 1865; a deed from said Payson to Albert Wheeler, dated March 3, 1853; a deed from Wheeler and his wife, to Jules B. Bayerque, dated November 17, 1857; a contract between said Wheeler and wife and Pioche, and the Visitacion Land Company, dated in May, 1867, agreeing to sell the land to said company; a deed from said Pioche and others to the Visitacion Land Company, dated May 15, 1870; and a written contract of said company to sell the land to Richard Blaikie, dated March 11, 1869, and an assignment of that contract to the plaintiff on the 17th of March, 1869. Plaintiff also introduced in evidence the will and probate proceedings in the matter of the estate of Jules B. Bayerque, and a deed by the executors of the will, conveying the land to said Pioche.

The plaintiff recovered judgment, and the defendant appealed from the judgment and from an order denying him a new trial.

*Tully R. Wise* and *B. B. Newman,* for the Appellant.

The Court erred in refusing to allow appellant to show under what circumstances he executed the instrument of lease under which plaintiffs claim an estoppel. (*Franklin* v. *Merada,* 35 Cal. 558; *Tewksbury* v. *Morgraff,* 33 Cal. 237.)

The plaintiff in this case cannot recover in this action, under the proof. The plaintiff does not hold, or pretend to hold, the legal title to the premises in dispute; all it does hold, or claim to have, is an agreement, by which the plaintiff "is entitled to the possession of the land described in the complaint." How entitled? Only, of course, as against the holder of whatever title Pioche, Wheeler and others held under the patent. As against them, plaintiff

may be entitled to the possession, and only by virtue of their right; and if their right ceased, then plaintiff's right ceased also, for plaintiff claims only through them and through their title.

*J. B. Felton* and *Jarboe & Harrison,* for the Respondent.

Defendant might have shown that plaintiff had no title to the land in dispute. It was perfectly immaterial to show the intention of defendant in taking the lease, or whether he intended to abandon the land or not, or whether he received anything for the execution of the lease, or whether he paid any rent thereunder. Only the ultimate fact, *i. e.,* the fact that plaintiff had no title or right to possession of the demanded premises, would have availed defendant, and his offers were not broad enough to reach the fact.

By the Court, RHODES, J.:

Several questions of fact have been discussed by counsel which do not arise on this appeal. The only specification of the insufficiency of the evidence to sustain the decision which is to be found in the statement on new trial is the last, and it is as follows: "The evidence is insufficient to justify the decision in this, that the complaint alleges that plaintiff is owner in fee, while the evidence only shows that plaintiff had a contract to purchase the premises described in the complaint." This point cannot be sustained, for the plaintiff produced a lease of the premises, executed by him to the defendant for the term of six months, ending a few months before the commencement of the action. The lease made out a *prima facie* case of title in the plaintiff.

2. The point that the defendant is entitled to recover upon his evidence of adverse possession, cannot be entertained, because it is not comprehended in any of the specifications in the statement.

3. The motion for a nonsuit should have been granted. The answer denies that the defendant "ever ousted or ejected the plaintiff" from the premises; and the plaintiff failed to prove the ouster; but the defendant afterwards

supplied the defect, by proving that he had remained in possession ever since the execution of the lease above mentioned. The production of that evidence cured the error.

4. The defendant urges that the Court erred in permitting the plaintiff to introduce further evidence, after the motion for a nonsuit was made. But that matter is committed to the discretion of the Court, and we see in it no abuse of discretion.

5. It is also urged that the Court erred in permitting the plaintiff to offer evidence of the deraignment of his title, after the defendant had closed. The plaintiff defends the action of the Court on the ground that the defendant, having relieved himself of the estoppel of the lease, by proving that he was in possession of the premises at the time of the execution of the lease, the burden of the proof of title was cast on the plaintiff. But this is not the rule. (See *Peralta* v. *Ginochio,* 47 Cal. 459.) The plaintiff was entitled to rely upon the lease as *prima facie* evidence of title, and this was not overcome by the mere fact that the defendant was in possession at its execution. The burden of proof was on the defendant to show paramount title in himself, or one under whom he claimed. But, in our opinion, the evidence was properly admitted in rebuttal—to overthrow the defense of adverse possession.

6. The defendant offered to prove that he executed the lease above mentioned for the sake of peace, "but not with the intention of surrendering his legal rights;" that he did not intend to abandon any right or title to the land; that the lease was executed without any consideration on his part; that no rent was ever demanded of him; and that he continued to assert his claim to the land after, as well as before, the execution of the lease. The purpose of that offer was to show that the defendant's possession was adverse, during the term mentioned in the lease. The lease, not being void because of fraud, or any other reason disclosed by the record, created the relation of landlord and tenant between the parties; and, by legal necessity, there could be no adverse possession by the defendant during the term, by the mere intention so to hold, and without the

doing of some act which would amount to adverse posses-sion by a tenant who had entered under a lease. The tak-ing of the lease interrupted the running of the statute; and any subsequent adverse possession which the defendant may have held, even if it commenced immediately after the execution of the lease, could not be added to the time which had run prior to the lease; for adverse possession, in order to constitute a bar, must have been continuous during the whole statutory period. The evidence offered by the defendant was rightly excluded.

7. The plaintiff contends that the question as to the suffi-ciency of the evidence to justify the decision on any issue, cannot be entertained, because the statement does not pur-port to contain all the evidence given at the trial; and as this point is often presented, the rule will again be stated, though it has so often been repeated that it has become trite. The moving party is required to set forth so much of the evidence (and no more) as may be necessary to ex-plain the points specified in his statement or bill of excep-tions; and when such statement or bill of exceptions is set-tled, it will be presumed that it contains all the evidence given in the cause, which was necessary to be stated, in order to explain the points specified; and that it would not have presented a different case in respect to the specified points, had it contained, also, the ommitted evidence. It is desirable that counsel shall consider this point as settled.

The other points in the case do not require any notice.

Judgment and order affirmed. Remittitur forthwith.

Mr. Chief Justice WALLACE did not express an opinion.