[No. 9739. Department One.—August 18, 1885.]

CHARLES M. COGLAN, RESPONDENT, *v.* M. R. BEARD, APPELLANT.

BILL OF EXCEPTIONS—SPECIFICATION OF ERROR MUST BE PARTICULAR.—A specification of error in a bill of exceptions that the findings are not justified by the evidence must state the particulars in which the evidence is alleged to be insufficient. A specification that "the court erred in finding" certain facts is not sufficiently particular.

ELECTION CONTEST—EVIDENCE—BALLOTS—BURDEN OF PROOF.—In an election contest the ballots are the primary and best evidence of the number of votes received by any candidate, provided they have not in any way been tampered with; and the burden of proof is upon the contestant to show that fact.

ID.—CUSTODY OF BALLOTS BY CONTESTANT.—The ballots are not inadmissible in evidence by reason of the fact that for a short time they were in the possession of the contestant as *de facto* county clerk.

ID.—STATEMENT OF COUNT ON ONE TRIAL AS EVIDENCE ON SECOND TRIAL.—A tabulated statement showing the result of the count by the judge on one trial is admissible in evidence on a subsequent trial for the purpose of showing whether or not the ballots had been tampered with between the dates of the trials.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*John T. Carey,* and *Wm. H. Beatty,* for Appellant.

*W. C. Van Fleet,* and *S. Solon Hall,* for Respondent.

BELCHER, C. C.—This is the second appeal in this case.

Upon the first appeal the judgment was reversed and the cause remanded for a new trial. (65 Cal. 58.)

On the second trial judgment was again rendered in favor of the plaintiff, and from that judgment this appeal is taken.

The findings fully support the judgment, and the only points made by the appellant are that some of the findings are not justified by the evidence, and that the court erred in admitting certain evidence against the objection of the defendant.

1. We cannot review the evidence for the reason that there is in the bill of exceptions no specification of the particulars in which the evidence is alleged to be insufficient to justify the findings. The specification is that "the court erred in finding" certain facts, but that does not meet the requirements of the Code. (Code Civ. Proc. § 648.)

But if the specifications had been sufficient the point would not have been well taken.

There was evidence, which if admissible, was sufficient to justify each of the findings of fact.

2. At the general election held in Sacramento County in November, 1882, the plaintiff and defendant were candidates for election to the office of county clerk. According to the returns of the election, as canvassed by the board of supervisors, the

defendant had a plurality of sixteen votes, and he received the certificate of election. In due time the plaintiff commenced this proceeding to contest the right of the defendant to the office. The case was tried before the Superior Court early in December, and in the course of the trial all the ballots cast at the election were brought into court and counted by the judge presiding. Judgment was rendered in favor of the contestant, and from that judgment Beard appealed on the 22d day of December, and within five days thereafter perfected his appeal by filing the necessary bond.

At the time the appeal was taken and perfected Thomas H. Berkey was clerk of the county, and the contestant Coglan was his deputy. Berkey's term expired on the 8th day of January, 1883, and on that day he turned the office and everything pertaining to it over to Coglan, who retained possession up to the time of the second trial of the case. Among other things of which he thus became custodian were the ballots cast at the election to which the contest relates. After the ballots were counted on the first trial, they were replaced by Berkey in the vault of the hall of records, and the vault was securely locked. When Berkey surrendered the office to Coglan he turned over to him also the keys to this vault. On the second trial the contestant first proved that the ballots were the genuine ballots delivered to the county clerk by the officers of the election; that they remained securely locked in a vault and in the same condition as when delivered, up to the time when they were brought into court to be counted on the first trial; that after they were counted they were returned by the judge, who had counted them, to their respective envelopes, and were again securely and carefully sealed up by him, and a strip of paper was gummed over the opening cut in the envelope, on which he wrote his initials; that they were then returned to the vault, and remained there in no way changed or tampered with until they were brought into court to be again counted on this trial. The contestant then offered in evidence the ballots from ten precincts of the county and asked that they be counted. The defendant objected to the ballots being received in evidence, or counted, upon the ground that it appeared that the said ballots and all ballots returned to the county clerk from the several precincts

of the county, had been, ever since the 8th day of January, 1883, in the sole and exclusive possession of the contestant; that they had therefore not been kept by the officer to whose custody the law committed them; that they should have been kept by the county clerk, and that contestant is not and never has been the county clerk, but has intruded himself into and usurped the office without any color of right thereto.

The court overruled the objection, and the ballots were then counted, the defendant reserving an exception.

We do not think the court erred in its ruling.

As soon as all the ballots are counted after an election they must be carefully sealed in a strong envelope by the officers of the election, and must then be delivered to the county clerk, who is required to keep the packages unopened and unaltered for twelve months, unless within that time a contest in regard to the election is commenced and brought to trial. (Pol. Code, §§ 1259–1266.)

In case of a contest the ballots are the primary and best evidence of the number of votes received by any candidate, provided they have not in any way been tampered with; and the burden is upon the contestant to show that fact. (*People* v. *Holden*, 28 Cal. 133; *Coglan* v. *Beard*, 65 Cal. 58,)

After the 8th day of January, Coglan became the county clerk *de facto*, if not *de jure*, and the law gave him the custody of these ballots, and enjoined upon him the duty of taking care of them. This duty was performed in the interest of the public and not of himself. When the case came on for trial the fact that he had had the custody of the ballots should have led, and doubtless did lead the court to scrutinize them with greater care than it would if they had been produced from the custody of some other person; but it did not, we think, render them wholly inadmissible as evidence. The questions were, were they the genuine ballots cast by the voters, and had they been kept in the same condition that they were in when delivered by the officers of the election to the clerk? These questions being answered in the affirmative they were receivable in evidence. As was said in *People* v. *Livingston*, 79 N. Y. 287: "The preservation of the boxes inviolate being the ultimate object of the statute, if that is in fact accomplished, the omission to observe

all the formalities to secure that object is not fatal to the evidence. Such omission would weaken the force of the evidence and induce greater caution in regarding it, but would not necessarily destroy it."

2. The rule invoked by counsel for appellant that it is only as to the public and third persons that the acts of a *de facto* officer are held valid, and that they are not valid when they are for his own benefit, does not apply here. In keeping the ballots Coglan did not act for himself but for the public, nor is he alone interested in the controversy.

"The public is interested in a contest of this character; it is not a matter solely between the parties to the record." (*Searcy* v. *Grow*, 15 Cal. 119.)

"Theoretically the people alone are interested in the determination of the controversy involved in this case." (*People* v. *Holden*, 28 Cal. 139.)

3. The court admitted in evidence, against the objection of the defendant, a tabulated statement, showing the result of the count by the judge, on the first trial of the case, of the ballots recounted on this trial, and this ruling is assigned as error.

When the tabulated statement was offered it was admitted by counsel for defendant to be correct, and the only objection to it was that it was secondary evidence of the contents of the ballots, and that the ballots were the best and only competent evidence to impeach the returns of the precinct officers.

The principal point made by the defendant was that Coglan had had the custody of the ballots, and had had an opportunity to manipulate and change them, and therefore they were not admissible in evidence at all. And the burden, as we have seen, was upon him to show that they had not been changed.

It would seem that anything tending to show that fact was admissible, and what more persuasive evidence could be offered than a comparison of the results of the two counts? Certainly it would seem to follow, if the results were the same, that the ballots must have remained inviolate during all the time Coglan had the custody of them.

We do not think the court erred in receiving and examining the tabulated statement, showing the results of the count on the first trial.

The judgment should be affirmed.

Searls, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion the judgment is affirmed.