[No. 9844.  Department One. — May 7, 1888.]

C. H. PARKER, RESPONDENT, *v.* JOSEPH W. REAY
ET AL., APPELLANTS.

STREET ASSESSMENT — SAN FRANCISCO — STREET CROSSING — ASSESSMENT
    LEVIED ON LOT NOT CHARGEABLE IS VOID. — Under subdivision 3 of sec-
    tion 8 of the act of April 1, 1872, an assessment for work done on a main
    street crossing is void if made chargeable upon a lot or part of a lot which
    does not form a portion of the quarter block adjoining and cornering on
    the crossing.
ID. — SEPARATE ASSESSMENTS AND DEMANDS — INVALIDITY OF ONE AS-
    SESSMENT. — Where separate assessments are made for different portions
    of the work, and separate demands are made for the payment of each
    assessment, the invalidity of one of the assessments does not render the
    other invalid.
PRACTICE — FINDINGS — INSUFFICIENCY OF EVIDENCE — SPECIFICATION OF
    PARTICULARS. — The sufficiency of the evidence to sustain a finding will
    not be reviewed unless the particulars in which the evidence is claimed
    to be insufficient are specifically stated.  A mere specification that the
    "evidence is insufficient to sustain the finding" is too general.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The action was brought to foreclose a street assessment
for work done in the city and county of San Francisco,
under the act of April 1, 1872.  The work consisted in
constructing basalt block gutter-ways on Tyler Street,
from the easterly line of Scott Street to Devisadero
Street, in macadamizing the roadway thereof between
the gutter-ways, and in laying granite cross-walks across
Scott Street and across Seymour Avenue, at their inter-
section with Tyler Street.  The property affected by the
assessments in question was marked as lot 13 on the
diagram accompanying the assessment, and consisted of
a fifty-vara lot, having a frontage on Tyler Street of 137½
feet, in the middle of the block between Scott and Devis-
adero streets, and directly opposite Seymour Avenue.
The following is a copy of the diagram, showing the situ-
ation of the lot:—

SCOTT STREET.

Separate assessments for the work were made against the whole lot, as follows: For gutter-ways and macadam, in the sum of $647.41, and for the crossing of Scott and Tyler streets, in the sum of $62.90. The act of April 1, 1872, under which the work was done, provides in section 8, subdivision 3, that "the expenses of work done on main street crossings . . . . shall be assessed upon the four quarter blocks adjoining and cornering on the crossings, and each lot or part of lot in such quarter blocks fronting on such main street shall be separately assessed according to its proportion of frontage on the said main street." The court found that the sum of $710.31 was properly charged against the lot as its proportion of the total expense of the work, and rendered judgment accordingly for the foreclosure of the lien and the sale of the lot. The defendants moved for a new trial, which was denied, and appealed from the judgment and order. The further facts are stated in the opinion of the court.

*George E. Lawrence,* for Appellant.

The assessment for the crossing at Scott and Tyler streets should have been against the easterly one half of the lot, and there should have been a division of the lot on the diagram showing what portion was assessed. (Act of April 1, 1872, sec. 8, subd. 3.) The demand was for too much, and plaintiff cannot recover. (*Dyer* v. *Chase,* 52 Cal. 441; *Schirmer* v. *Hoyt,* 54 Cal. 280; *Donnelly* v. *Howard,* 60 Cal. 291.) The assessment was not made in conformity with the statute, and is therefore void. (Act of April 1, 1872, sec. 9; *Dyer* v. *Harrison,* 63 Cal. 448.)

*D. H. Whittemore,* for Respondent.

PATERSON, J.—1. The assessments levied against lot 13 are separately made and particularly defined in the assessment list. The lot was properly assessed the sum of $647.41 for the construction of gutter-ways and macadam. The other assessment, $62.90, for the crossing on Scott and Tyler streets, should have been made against the east one half of the lot, and the diagram ought to have shown what portion was assessed. (Stats. 1871–72, sec. 8, subd. 3, p. 810.) This portion of the assessment was void, and the demand therefor was invalid; but the assessment for macadam and gutter-ways having been made separately and for the proper amount, and the proper demand having been made, as shown by the return, the motion for a nonsuit was properly denied, notwithstanding the invalidity of the assessment for work on the crossing.

2. The specifications as to the insufficiency of the evidence are too general. That "the evidence is insufficient,—1. To sustain the first finding of fact; 2. Or the second finding of fact; 3. Or the third finding of fact," etc., —is not a specification of "the particulars in which such evidence is alleged to be insufficient," within the meaning of section 659 of the Code of Civil Procedure. (*Eddelbuttel* v. *Durrell,* 55 Cal. 277.)

We cannot, therefore, consider the point made by the appellant, that the evidence does not support the finding as to the amount due and unpaid.

3. The findings support the judgment.

Judgment and order affirmed.

SEARLS, C. J., and McKINSTRY, J., concurred.