[No. 15672. Department Two.—June 24, 1895.]

## J. W. McDONALD, Respondent, v. JULIET J. MEZES, Appellant.

Street Assessment—Validity of Contract—Exemption of Superin-
tendent from Liability.—A clause in a contract for a street improve-
ment purporting to relieve the street superintendent and his sureties
from liability for any delinquency on his part is not authorized by the
statute, and it seems is void as against public policy as between the
parties to the contract; but such clause does not affect or prejudice
the rights of the property owner, and does not render the contract void
as to him, nor prevent a recovery against him of the amount of the street
assessment.

Id.—Doing of Unauthorized Work—Separable Demand—Modifica-
tion of Judgment.—Where the contract substantially follows the
resolution of intention as respects the work specified therein, but in
addition to the work so specified the contractor also laid a sidewalk in
front of defendant's lot not authorized by the resolution of intention,
the assessment properly made for the work clearly specified in the reso-
lution is not vitiated by a separate assessment for the sidewalk not em-
braced in the resolution, but a judgment foreclosing the entire assess-
ment should be modified by striking out that portion of the assessment
which relates to the sidewalk.

Id.—Time for Commencement of Work.—A contract providing that the
work is to be commenced within fourteen days and completed within
ninety days from the date of the contract sufficiently fixes the time for
the commencement of the work, and the effect is the same as if the four-
teenth day from the date of the contract had been specified as the day
for the commencement of the work.

Appeal from a judgment of the Superior Court of
the City and County of San Francisco and from an
order denying a new trial.

The facts are stated in the opinion of the court.

*F. R. Whitcomb*, and *Horace W. Philbrook*, for Appel-
lant.

The street act is to be construed strictly against the
party claiming the lien, and liberally in favor of the
owner of the land; and this construction is to be applied
to all the steps in the procedure to enforce a street
assessment. (*Smith* v. *Davis*, 30 Cal. 537; *People* v. *Bo-
gart*, 36 Cal. 245; *Hewes* v. *Reis*, 40 Cal. 263; *Shepard* v.
*Colton*, 44 Cal. 629; *Donnelly* v. *Tillman*, 47 Cal. 40;

*Donnelly* v. *Marks*, 47 Cal. 190; *Himmelmann* v. *Satterlee*, 49 Cal. 387; *Himmelmann* v. *Cahn*,ˋ49 Cal. 287; *San Francisco* v. *McCain*, 50 Cal. 210; *Mahoney* v. *Braverman*, 54 Cal. 565; *Mulligan* v. *Smith*, 59 Cal. 229; *Raisch* v. *San Francisco*, 80 Cal. 5; *Brock* v. *Luning*, 89 Cal. 320; *Kreling* v. *Muller*, 86 Cal. 465–70; *Heft* v. *Payne*, 97 Cal. 108; *Libbey* v. *Ellsworth*, 97 Cal. 316; *Washburn* v. *Lyons*, 97 Cal. 314; *Shipman* v. *Forbes*, 97 Cal. 572; *Brown* v. *Jenks*, 98 Cal. 10; *Jordan* v. *Giblin*, 12 Cal. 100; *People* v. *Huber*, 20 Cal. 81; *Ricketson* v. *Richardson*, 26 Cal. 149; *McMinn* v. *Whelan*, 27 Cal. 314; *Forbes* v. *Hyde*, 31 Cal. 342.) The assessment included the cost of unauthorized work, and is void. (*Perine* v. *Forbush*, 97 Cal. 313; *Dyer* v. *Chase*, 52 Cal. 440; *Donnelly* v. *Howard*, 60 Cal. 291.) The guarantee of the street superintendent and his bondsmen from liability vitiated the contract. (*Brown* v. *Jenks*, *supra; Goodsell* v. *Ashworth*, 96 Cal. 397.) The contract did not sufficiently fix the time for the commencement of the work. (*Libbey* v. *Elsworth*, *supra.*)

*J. C. Bates*, for Respondent.

The apportionment for new sidewalk was separable, and did not vitiate the assessment. (*Perine* v. *Forbush*, 97 Cal. 311, 312; *Parker* v. *Reay*, 76 Cal. 105; *Ede* v. *Knight*, 93 Cal. 165; *Himmelmann* v. *Hoadley*, 44 Cal. 276; *McDonald* v. *Conniff*, 99 Cal. 386.) The provision in the contract exempting the street superintendent from liability does not prejudice the rights of the property owner. (*Drew* v. *Smith*, 38 Cal. 329; *Babcock* v. *Goodrich*, 47 Cal. 509; *Williams* v. *Savings & Loan Society*, 97 Cal. 122.) The contract sufficiently fixes the time for the commencement of the work. (*Fletcher* v. *Prather*, 102 Cal. 424.)

McFARLAND, J.—This is an appeal by defendant from a judgment in favor of plaintiff in an action to recover the amount of a street assessment in San Francisco and from an order denying a new trial.

This litigation has arisen — as much former litigation arose—out of the carelessness of officers and contractors when attempting to follow statutory provisions about street work, or willful efforts to evade some of those provisions. We do not think, however, that in the case at bar any of the points made for reversal are tenable.

It is contended by appellant that the contract for the work is absolutely void because it contains the following clause: " Nor shall the said James Gilleran, said superintendent, nor his sureties or bondsman, be liable or holden . . . . . for any delinquency on his part." This clause should not have been in the contract; for the superintendent can only be relieved from the " delinquency of persons and property assessed." The clause is not authorized by the statute. It proposes to relieve the superintendent from the consequences of his failure to do certain acts necessary to the validity of the assessment, upon which alone the contractor could collect the money due for his work. It proposes to exempt the superintendent from the performance of official duties, and, as between the parties to the contract, is probably void as against public policy. But it did not affect or prejudice the rights of the property owner, and therefore, as to appellant, did not make the contract void. Appellant relies on *Brown* v. *Jenks*, 98 Cal. 10; but in that case the unauthorized proposition that the contractor, after the completion of the work, should keep the streets in thorough repair for five years, was included in the proposal for bids; and it was held that, as the bids were made on that basis, they would necessarily be higher than if. the unauthorized proposition had not been in the proposal, and the burdens of the property owner were thus increased. But in the case at bar the unauthorized proposition in the contract relating to the delinquency of the superintendent was not in the proposal and the bids were not influenced by it.

It is contended that the judgment should be reversed because both the assessment and the demand included the cost of work not authorized by the resolution of

intention.  The resolution provided for granite curbs on Tenth street, between Folsom and Harrison; for paving the roadway with basalt blocks; " and that granite curbs and plank sidewalks be laid on the angular corners of the intersection of Sheridan and Tenth streets, and that granite crosswalks be laid across said intersection."  The language of the contract substantially followed that of the resolution of intention, although the latter part of it is a little ambiguous.  It seems, however, that the contractor, in addition to the work clearly specified in the resolution, also laid a sidewalk in front of lot 2, the lot owned by appellant.  The assessment was divided into three apportionments—the first, as against said lot 2, was for $348.86; the second, for $66, and the third, for $82.90; and appellant contends, and we will assume correctly, that the first and third apportionments include all the work embraced in the resolution of intention, and that the second apportionment is exclusively for work not embraced in said resolution.  But the second apportionment of $66 was entirely for laying a sidewalk in front of said lot 2, and is completely separable from the two other apportionments; and it therefore did not vitiate the other apportionments.  Moreover, it is apparent that the demand for each apportionment was separately made.  The demand on lot 2 was made for $348.86, for $66, and for $82.92.  The demands for the valid apportionments were therefore good, notwithstanding the demand for the separate amount of $66 for sidewalks. This view is within the principle of *Ede* v. *Knight,* 93 Cal. 165, and *Parker* v. *Reay,* 76 Cal. 103.  The judgment should therefore be modified by striking out the $66 and interest, and in all other respects should be affirmed.  Respondent contends that the whole judgment should be affirmed, because appellant's only remedy for the unauthorized work was an appeal to the supervisors, and cites as authorities on the point *Perine* v. *Forbush,* 97 Cal. 305, and the cases there cited.  We

are not clear, however, that the facts of the case at bar bring it within the principle of those cases.

The language of the superintendent with respect to the commencement of the work is as follows: "The work to be commenced within fourteen days, and completed within ninety days from the date of this contract"; and appellant contends that this was not a fixing of the time for the commencement of the work as provided by section 6 of the act. (Stats. 1885, p. 151.) That section provides that the superintendent shall fix the time for the commencement of the work, "which shall not be more than fifteen days from the date of the contract." And appellant contends that he should have named the particular day within the fifteen days.

"Within fourteen days" was held good in *Fletcher* v. *Prather*, 102 Cal. 424; but, as appellant says, the precise point here made seems not to have been made in that case.

However, we do not think that there is any force in the contention. If the statute had provided that the work must be completed within a certain time after its commencement it might be of some importance to fix the very day on which it should be commenced; but there is no such provision, the time of completion being left to the discretion of the superintendent. In the case at bar he fixed ninety days from the date of the contract for the completion, and within fourteen days from said date for the commencement of the work. The date of the contract was June 9th; and if, instead of saying "within fourteen days," he had named the fourteenth day, which would have been June 23d, the effect would have been the same. Under the present condition of the statute we really can see no importance attaching to this contention.

There are no other points necessary to be considered.

The order denying a motion for a new trial is affirmed, and the cause is remanded, with instructions to the

superior court to modify the judgment by striking out and deducting therefrom the sum of $66 and all interest on said last-named sum of money. In all other respects the judgment is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.