[Civ. No. 86.   First Appellate District.—November 16, 1905.]

## W. B. COUSON, Appellant, v. JOHN WILLIAM WILSON, Respondent.

EASEMENTS—INJURY TO WAY—DAMAGES PRIOR TO PURCHASE OF DOMI-
NANT ESTATE—OBJECTION TO EVIDENCE.—The owner of land sub-
ject to the easement of a way appurtenant to adjacent land is not
liable to a purchaser of the adjacent land for damages for injury
to the way which accrued prior to the purchase of the dominant
estate; and where such purchaser sued for injury to the way, an
objection to a question which included such prior damage, and
was not limited to damage done since the purchase, should be sus-
tained.

ID.—BURDEN OF PROOF—ERROR NOT CAUSED BY RIGHT OF CROSS-EXAMI-
NATION.—The burden is upon the purchaser to establish his right of
recovery by competent and relevant evidence; and his error in
asking for irrelevant evidence was not cured on the ground that
it might have been obviated by cross-examination.

ID.—FINDINGS AGAINST EVIDENCE—COST OF REPLACING CULVERTS RE-
MOVED.—Where there was no evidence of any damage done to the
way since the purchase of the adjacent land by the complainant,
findings that he was damaged in the sum that it would cost to re-
pair the way by replacing culverts wrongfully removed therefrom
prior to the purchase, and that his road was damaged in said sum,
are against the evidence.

ID.—CONSTRUCTION OF FINDING—DAMAGE TO ROAD OF PURCHASER.—The
finding that the road of the purchaser was damaged by the removal
of the culverts, whether construed as declaring without evidence
that the purchaser had a road when the culverts were removed,
or construed as declaring the damage done to the road by the re-
moval of the culverts, without showing that it was caused while
he was the owner of the road, cannot be supported as sustaining any
right of the purchaser to recover.

ID.—FINDING NOT SUSTAINED BY PRESUMPTION OF OTHER EVIDENCE—
BILL OF EXCEPTIONS.—A finding is not sustainable by presumption
of other evidence not set forth in the bill of exceptions.  It is to
be presumed that the bill of exceptions contains all the evidence
given at the trial which is material to the points specified as error.

APPEAL from an order of the Superior Court of Santa
Cruz County denying a new trial.  Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

J. E. Gardner, for Appellant.

Hugh R. Osborn, and Benjamin K. Knight, for Respondent.

HARRISON, P. J.—The plaintiff is the owner of a tract of land in Santa Cruz county bordering upon the county road leading from Watsonville to Santa Cruz, upon which there is a right of way appurtenant to an adjacent tract of land known as the "Wilson Ranch," and extending therefrom to the county road. For the purpose of enjoying this right of way, the owners of the Wilson ranch constructed a roadway about eighteen years ago across the plaintiff's land, with several culverts therein, for the purpose of carrying below the road the surface water that would otherwise accumulate upon the upper or higher slopes of the land. In November, 1900, the plaintiff destroyed these culverts, with the result that thereafter the water flowed along the road, washing it out and making it almost impassable for vehicles, and carrying much debris down upon the lower portion of the land. The defendant became a part owner of the Wilson ranch in September, 1901, and thereupon entered into possession thereof, and thereafter used the said roadway in passing back and forth between his ranch and the county road. After he went into possession of the ranch the plaintiff demanded of him that he repair the roadway and fill it in and grade it in such a manner that the surface water would not be cast upon the lands below the road; and upon his refusal to do so brought this action to have the road declared a nuisance, and to recover damages sustained by him by reason of its defective condition. The defendant, in his answer to the complaint, and also by way of cross-complaint against the plaintiff, set forth many of the above facts and alleged by reason of the acts of the plaintiff in destroying the said culverts and making the road impassable he had sustained damage by being delayed in marketing his produce and in the enjoyment of his right to pass along the road, and that the road belonging to him had also been damaged in the sum of $300. The cause was tried by the court, and, in addition to finding the facts above set forth, it also found that the plaintiff had not been damaged by any of the acts of the defendant, and that defendant had not sustained any damage by being delayed in marketing his produce or in the enjoyment of his right to pass over the road, but that he had been damaged in the sum of $150 by reason of the wrongful removal of the culverts by the

plaintiff. Judgment was thereupon rendered in favor of the defendant and against the plaintiff for the sum of $150, with a perpetual injunction against the plaintiff from in any way interfering with the defendant's free use and enjoyment of the road. A motion for a new trial was made by the plaintiff and denied, and from this order the present appeal has been taken.

At the trial of the cause the defendant was called as a witness in his own behalf, and, after testifying that the plaintiff had removed the culverts in November, 1900, and that he had become the owner of the Wilson ranch in September, 1901, was asked: "What has been your damage, if any, Mr. Wilson, to the road since the tearing out of these culverts one year ago last November?" To this question the plaintiff objected on the ground that it was incompetent, irrelevant, and immaterial, and that the question was not limited to the damage done to the road since the defendant became one of its owners. The objection was overruled, and an exception taken by the plaintiff to the ruling of the court. The objection to this question should have been sustained. The plaintiff is not liable to the defendant for any injury done to the road while it was the property of another, nor is the defendant entitled to any damages which he had not himself sustained. He was a stranger to the property when the culverts were destroyed, and could recover from the plaintiff only such damage as the plaintiff had caused him after he became the owner, and when this objection was pointed out the court should have directed the defendant to limit the inquiry as suggested by the objection. The contention of the respondent that the effect of the question could have been obviated by cross-examination does not cure the error. If no objection had been made to the question, the appellant would have had the right to show in his defense that the damage was caused at a time when he would not be liable therefor, but he had also the right to insist that the respondent should show that it was caused at a time when he would have been liable. The burden was upon the respondent to establish his right of recovery by competent and relevant evidence. He was not entitled to introduce irrelevant evidence and throw upon his adversary the burden of overcoming its effect by showing its irrelevancy.

Although the defendant was thus asked, "What has been your damage to the road since the tearing out of the culverts?" he only testified in reply that "the road has been damaged to the extent of $300." No other evidence was given of any damage sustained by him, and the court accordingly found against such allegations of individual damage. He further testified that within a week after the culverts were taken out there were heavy rains, and that that was when most of the damage was done to the road; that he based his testimony of $300 damages on the cost of repairing the road and fixing it up again as it was; that it had not been repaired at all. Another witness testified that it would cost $150 to replace the culverts. There was no evidence of any damage done to the road by the plaintiff, or that the road had been in any respect damaged after the defendant became an owner of the Wilson ranch, and it must be held that the evidence was insufficient to sustain the finding of the court that "the defendant has been damaged in the sum of $150 by the wrongful removal of the culverts by the plaintiff," or its other finding that, by reason of the wrongful removal of the culverts by the plaintiff, "the road of the defendant" has been damaged in the sum of $150. There was no "road of the defendant" when the culverts were removed; but, if this latter finding is to be construed as simply declaring the damage done to the road by the removal of the culverts, then it is irrelevant to any right of the defendant, unless shown to have been caused while he was the owner of the road.

The respondent is in error in suggesting that this finding is to be sustained upon the ground that there may have been other evidence in its support than such as is set forth in the bill of exceptions. It is to be assumed that the bill of exceptions contains all the evidence given at the trial which is material to the points specified as error. (*Abbey Homestead Assn.* v. *Willard,* 48 Cal. 614; *Judson* v. *Lyford,* 84 Cal. 505, [24 Pac. 286].) If there was any evidence which would explain or overcome that set forth in the bill, it was the duty of the respondent to cause it to be incorporated therein.

Certain other findings are objected to as not sustained by the evidence—for instance, the finding that the defendant

is the "sole owner" of the Wilson ranch, or that he was an owner at any time prior to September, 1901, or that the defendant is the owner of a private road, instead of a right of way over the lands of the plaintiff, or that he is entitled to have the same left free and unobstructed by the plaintiff; but, as the order denying a new trial must be reversed, and these objections may not exist when another trial shall be had, it is unnecessary to give them further consideration.

The order denying a new trial is reversed.

Hall, J., and Cooper, J., concurred.