[Civ. No. 1478.   Second Appellate District.—May 28, 1914.]

WM. H. POLKINGHORN, as Administrator of the Estate of Nick Shannas, Deceased, Appellant, v. RIVERSIDE PORTLAND CEMENT COMPANY (a Corporation), Respondent.

APPEAL—BILL OF EXCEPTIONS—NECESSITY OF STATEMENT OF ENTIRE EVIDENCE.—The party proposing a bill of exceptions is required only to set forth therein a record of so much of the proceedings as will illustrate the error claimed, and it is the duty of the opposite party to propose, if he is able to, such amendments as will show that the alleged errors were cured or rendered nonprejudicial. It will not be presumed that if omitted evidence had been supplied a different case would be shown, but the presumption will be that the record does exhibit all matters material to a consideration of the points presented.

ID.—ACTION FOR WRONGFUL DEATH—EMPLOYEE AT CEMENT PLANT CAUGHT BETWEEN CAR AND BINS—EVIDENCE.—In this action to recover damages for the death of a laborer at the cement manufacturing plant of the defendant, from being caught between a car and the planking of rock bins located in close proximity to the track upon which the car was being backed, there was no error in refusing to permit a witness for the plaintiff to answer a question as to whether he knew of a steel car being run on the track at or near the time of the accident which was so wide that it hit the side of the timbers.

ID.—EXAMINATION OF WITNESS—QUESTION SUGGESTING CONCLUSION.—In such action it was not improper, as suggesting a conclusion, to allow a witness to say that certain planks were placed "so the men could go from this half of the bin across there."

ID.—ANSWER OF WITNESS—USE OF PRONOUN IN SECOND PERSON.—The testimony of a witness, in describing conditions which might have affected the ability of the deceased to observe his danger, "I never noticed dust thick enough there that you could not see a distance of one hundred fifty feet," was not objectionable on the theory that because the witness used the pronoun in the second person, he was not giving testimony of his own knowledge, but an opinion as to what persons then addressed might have been able to do.

ID.—DANGEROUS PREMISES—BINS CLOSE TO TRACK—EVIDENCE.—If the complaint in such action alleges that there was not sufficient space for any human being to stand between the cars and any of the structures described, including the "pit," witnesses may be allowed to testify that they had stood beside the "pit" when cars of similar dimensions to that which crushed the deceased passed them without coming in contact with their persons.

ID.—ASSUMPTION OF RISK—INSTRUCTION EMBRACING ONLY PART OF CODE SECTION.—An instruction to the jury, in the language of section 1970 of the Civil Code, that an employer "is not bound or under obligations to indemnify his employees for losses suffered by them in consequence of the ordinary risks of the business in which they are employed," was not erroneous because omitting that part of the section which follows and which provides, "nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was committed in the performance of a duty the employer owes by law to the employee, or unless the employer has neglected to use ordinary care in the selection of the culpable employee."

ID.—DANGER OF EMPLOYMENT—INSTRUCTIONS REGARDING—WHEN NOT MISLEADING.—An instruction to the jury that "if you believe that the business of working on and about a railroad track is a dangerous and hazardous employment, and if you further believe that the injuries sustained by the deceased were on account of one of the dangers or hazards ordinarily incidental to such business of working on or about railroad tracks, then your verdict must be for the defendant," was not misleading when considered in connection with the entire charge.

ID.—ASSIGNMENT OF ERROR AS TO INSTRUCTIONS—INSUFFICIENCY OF RECORD.—A specification of error that the court refused to give certain instructions asked for by the appellant cannot be considered on appeal, if the text of such instructions does not appear in the record outside of the specifications.

APPEAL from an order of the Superior Court of Riverside County refusing a new trial.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

M. Estudillo, and Geo. A. French, for Appellant.

Gurney E. Newlin, and H. L. Carnahan, for Respondent.

JAMES, J.—Decision was heretofore made in this cause and a rehearing thereafter granted.   The rehearing was ordered because of the contention of appellant that certain of the points relied upon for reversal were not treated of in the opinion.   Upon a re-examination of the record and briefs the court is satisfied that the judgment heretofore ordered is the correct one to be entered, and the opinion as filed on February 26, 1914, is, as to its main text, readopted as follows:

"This action was brought to recover damages occasioned by the death of one Nick Shannas, which was alleged to have been caused through the negligent acts of defendant.   Verdict was in favor of the defendant, and plaintiff has appealed from an order denying his motion for a new trial.

"Nick Shannas, the deceased, was employed in July, 1910, as a day laborer at the cement manufacturing plant of defendant.   In the carrying on of its business at its factory the defendant made use of a railroad track along which cars were propelled to and fro.   Close beside this track in the yard of the factory was a rock crusher and certain rock bins.   It was necessary for the convenient handling of the business of defendant that the rock crusher and bins should be placed, and they were so placed, close enough to the railroad track to enable material to be quickly handled to and from the cars and the bins and crusher.   On the twenty-seventh day of July, in the year mentioned, Shannas was engaged at his work about the plant, when, as was a common occurrence, several cars were backed in upon the railroad track toward the point where the bins and rock crusher were located.   As the cars came opposite the structures mentioned, Shannas was caught between a car and the planking and killed.   It was alleged that no warning was given of the approach of the cars, and further that the rock crusher and planking were negligently

located close to the track so as to render the place dangerous and unsafe for the employees to perform the labor required of them.

Appellant first assigns as error rulings of the court made respecting the admission of testimony. Respondent's counsel suggest that these alleged errors are not the subject of review for the reason that the bill of exceptions does not purport to contain all of the evidence, and that in such cases the presumption will be that the rulings, even though apparently erroneous, may have been rendered nonprejudicial by other evidence introduced, citing *Brown* v. *Casey,* 80 Cal. 504, [22 Pac. 257]. From the very short opinion rendered in that case it might seem that some color of authority is given to support respondent's point, but reference to an earlier decision of the supreme court, as well as to later ones, and also to decisions of the district courts of appeal, will clear the question of any doubt and settle it against respondent's contention. The correct rule, as established by those cases, is that the party proposing a bill of exceptions is only required to set forth therein a record of so much of the proceedings as will illustrate the error claimed, and that it is the duty of the opposite party to propose, if he is able to, such amendments as will show that the alleged errors were cured or rendered nonprejudicial. It will not be presumed that if omitted evidence had been supplied a different case would be shown, but the presumption will be that the record does exhibit all matters material to a consideration of the points presented. (*Abbey Homestead Assoc.* v. *Willard,* 48 Cal. 614; *Judson* v. *Lyford,* 84 Cal. 505, [24 Pac. 286]; *Bedan* v. *Turney,* 99 Cal. 649, [34 Pac. 442]; *Couson* v. *Wilson,* 2 Cal. App. 181, [83 Pac. 262]; *Lunnun* v. *Morris,* 7 Cal. App. 710, [95 Pac. 907]:)

"Error is assigned because the court refused to allow a witness for the plaintiff to answer the following question: 'Do you know of a steel car being run in there on that track at or near the time of the accident, which was so wide that it hit the sides of the timbers?' The announced purpose in the asking of this question was to show knowledge on the part of respondent of the dangerous condition at the place where the accident occurred. The court suggested that the question would be allowed if it was shown that a car of similar dimensions and kind to that used at the time of the accident was

being used at any time when a collision happened between a car and the timbers.  Appellant failed to qualify the question as suggested and did not promise to follow up the answer with proof of similar conditions as those which were present at the time of the accident.  It may also be noted that in the question asked the time to which the attention of the witness was directed was not fixed as being at or before, but 'at or near' the time of the accident.  This might have meant either at, before, or after the accident.  But assuming that the time indicated by the question was that pertinent to the case, it does not appear that error was committed.  Counsel for appellant in their brief say: 'We contend that it is immaterial whether the car which hit the sides of the bins was of the exact size of the car which killed Nick Shannas or not, if it was a car ordinarily used on standard tracks, for in that case defendant would have knowledge of the proximity of the bins to the track and that there was not enough room between the bins and the sides of certain cars ordinarily used on railroads for a man to stand in safety.'  The conditions as to the location of the bins and timbers were fixed and respondent would be presumed to have had knowledge of those conditions as they then existed.  There was no contention made that appellant did not have such knowledge, and on this subject the court, at the request of appellant, instructed the jury as follows: 'You are further instructed that in this case the plaintiff is not required to prove that the defendant had actual notice or knowledge of the dangerous condition of the premises, if any, of its tracks or any structures near the same, provided it appears from the evidence that said company in the exercise of ordinary care of inspection and supervision thereof would have discovered such condition.'  Under this instruction the jury must have understood that the fixed conditions as to the size and width of cars used, as well as the proximity of the bins and timbers, were matters of which respondent must have had knowledge, for casual observation would have fully disclosed it.

"It was not improper as suggesting a conclusion to allow a witness to say that certain planks were placed 'so the men could go from this half of the bin across there.'  The purpose for which the planks were so placed was a matter of fact; as to whether they were sufficient for that purpose, or whether in

the exercise of ordinary care for his safety Shannas might have used them, was a question for the jury.

"One witness testified, in describing conditions which might have affected the ability of the deceased to observe his danger: 'I never noticed dust thick enough there that you could not see a distance of 150 feet.' The objection to this answer rests upon very slight foundation. It is argued that because the witness used the personal pronoun in the second person, he was not giving testimony of his own knowledge, but an opinion as to what persons then addressed might have been able to do. The phrase was couched in words of common habit that could not reasonably have been misunderstood by the jury.

"Among the specifications of error are some which set forth that the court refused to give certain instructions asked for by appellant. The text of such instructions does not appear in the record outside of the specifications, and therefore this court has no means of determining the merits of the points made under those assignments."

The particular matters adverted to in the petition for rehearing are now to be considered: It was objected that testimony given by two witnesses, Parker and Kindred, was incompetent. These witnesses testified that they had stood beside the "pit" when cars of similar size and dimensions to that which crushed the Greek passed them without coming in contact with their persons. The point where these witnesses stated they had stood was within eleven to twenty-three feet from where Shannas was killed and was at the place where Shannas performed his work. Plaintiff had alleged in his complaint that the only outlet from the point where Shannas was engaged in shoveling rock on the morning of the accident "was along the track upon which said cars were approaching; that said rock pile and planking and said rock crusher and pit were so close to the track that there was not space sufficient for a human being to stand between said boxcars and the same, and by reason of said facts that said premises were dangerous, inadequate in size and unsafe to work upon." By this allegation plaintiff asserted that there was not sufficient space for any human being to stand between the cars and any of the structures described, including the "pit." The testimony of the two witnesses mentioned was pertinent as furnishing some evidence in contradiction of the facts

alleged and relied upon by plaintiff to show the unsafe con-
dition of the place where Shannas was employed on the day
he was killed.

The court gave to the jury the following instruction: ''You
are instructed that an employer is not bound or under obliga-
tion to indemnify his employees for losses suffered by said
employees in consequence of the ordinary risks of the business
in which they are employed; and that if you believe from the
evidence that the injuries sustained by said Nick Shannas were
sustained in consequence of the ordinary risks of the business
in which he was employed at the time of his injuries, there is
no obligation on the part of the defendant to indemnify said
Nick Shannas or his heirs at law for the injuries sustained by
said Nick Shannas, and your verdict must be for the defend-
ant.'' It is contended that this instruction was erroneous in
that it did not make a complete statement of certain provisions
of section 1970 of the Civil Code. That portion of the in-
struction which was taken literally from the code embodied
that sentence appearing in the instruction and ending with
the semicolon after the word ''employed.'' The omitted part
of that portion of the code section claimed to be important
for consideration followed immediately after the portion that
was quoted and is as follows: ''nor in consequence of the
negligence of another person employed by the same employer
in the same general business, unless the negligence causing
the injury was committed in the performance of a duty the
employer owes by law to the employee, or unless the employer
has neglected to use ordinary care in the selection of the
culpable employee; . . .'' It does not appear that the omitted
provisions, as is contended by appellant, are to be taken as in
qualification of the general statement that an employer is not
liable for damages occurring in consequence of the ordinary
risks of the business in which the injured employee is en-
gaged. If this construction be the correct one, then the in-
struction as given was free from error in that it presented
clearly and definitely the one proposition to the jury which is
set forth in the opening sentence of the section referred to.

Another instruction is referred to and is made the subject
of the criticism that its statement of the law was prejudicially
erroneous. It is numbered XXIII and is as follows: ''You
are instructed that if you believe that the business of working

on and about a railroad track is a dangerous and hazardous employment, and if you further believe that the injuries sustained by said Nick Shannas were on account of one of the dangers or hazards ordinarily incidental to such business of working on or about railroad tracks, then your verdict must be for the defendant.'' It is first argued that the instruction required the jury, where they formed any belief or opinion that the business of working on or about a railroad track was a dangerous one, the other facts stated concurring, to find in favor of the defendant and did not tell them that such belief so engendered in their minds must be a reasonable belief and conclusion drawn from the evidence; secondly, that the instruction was erroneous in that it eliminated the application of the ''last clear chance doctrine.'' It is difficult to understand how the jury could have been misled so far as to assume that any conclusion which they might arrive.at, whether drawn from the evidence or not, in regard to the dangerous and hazardous character of the business of working on or about a railroad track, or as to the injuries of Shannas having been sustained on account of one of such dangers, would be sufficient to require a verdict in favor of the defendant. The instructions as a whole were quite complete, and when this instruction is considered in connection with the entire charge it is not misleading in terms or effect. Furthermore, at the request of plaintiff, the jury were fully charged as to the responsibility of defendant to answer in damages if the facts were such as to show a liability under the ''last clear chance doctrine.''

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.