[Sac. No. 4889. In Bank.—February 25, 1935.]

ALFRED NISBET et al., Respondents, v. S. W. RHINEHART, Appellant.

Edward G. Benard and Shipper & Benard for Appellant.

Dennett & Zion for Respondents.

SEAWELL, J.—The defendant has appealed from a judgment rendered in favor of plaintiffs on account of premiums due on three insurance policies, aggregating the sum of $353.21. The complaint alleges that said premiums accrued on three separate policies issued by three separate insurance companies respectively. Said causes of action are identical except as to amounts and dates and the periods covered by the policies of insurance. The complaint does not allege the capacity in which the plaintiffs brought the action, or that there was an assignment of causes of action made by said insurance companies to plaintiffs, or that plaintiffs were subrogated in place of said companies, or that plaintiffs have succeeded in any way to the rights of said insurance companies to maintain the actions. Each allegation is in form and substance as follows: ''That within one year last past the said plaintiffs sold and delivered to the said defendant a policy of insurance, and that the premium on said policy of insurance extended over certain periods of time [giving dates] and that the amount is the sum of [giving amount], which sums have not been paid or any part thereof and which defendant has refused to pay and which is now due and payable from said defendant to said plaintiffs.''

The prayer follows in the usual form. Defendant demurred to the complaint generally and specially, on the ground that it is uncertain, in that it could not be ascertained therefrom in what way or manner the alleged amounts became due, and also on the grounds that it was unintelligible and ambiguous for the reason that it was uncertain. The demurrer was overruled. No demurrer was placed on the ground that plaintiffs did not have legal capacity to sue. The answer was a general denial. Defendant's motion for judgment on the pleadings was denied. The appeal comes to us on a bill of exceptions.

The court found that plaintiffs were insurance brokers and as such procured the policies from the respective com-

panies named in the complaint and delivered them to the defendant; that said companies were the insurers and the defendant was the insured; that the premiums for said insurance were payable to the respective insurers; that defendant has not paid the respective premiums; that plaintiffs had no contract of any kind or nature with said insurers; that plaintiffs had no assignment of said premiums; that plaintiffs never paid said sums or any part thereof to said insurance companies, but became and are indebted thereto for such premiums; and that the defendant never executed a promissory note payable to plaintiffs for said premiums, and never executed any writing of any kind or nature. The foregoing summary is practically a *verbatim* reproduction of the court's findings.

We are of the view that the complaint states a cause of action and that it was invulnerable as against any of the grounds specified in the special demurrer. Judgment on the pleadings was therefore properly denied. The finding of the court to the effect that plaintiffs had no contract of any kind or nature with said insurance companies which issued and delivered the policies to plaintiffs is not only contradictory of other portions of the findings, but it would absolutely defeat plaintiffs' cause of action. Its existence in the findings, therefore, cannot be explained on any other theory than that it was the result of inadvertence. The first few lines of paragraph I of the findings expressly find that "plaintiffs were insurance brokers; that as such brokers the plaintiffs secured a policy of automobile insurance from certain named companies and delivered said policies to the defendant; that by the terms of said policies said companies were the insurers and defendant was the insured; that by the terms of said policies the premiums for said insurance were payable to the insurers", and that defendant had not paid the same, etc. The closing finding on this subject is: "that plaintiffs had no assignment of said premiums [from said companies]; that plaintiffs never paid said sums or any part thereof to said companies but became and are indebted thereto for such premiums, . . . "

If the policies were issued and delivered to the plaintiffs, brokers, there must have been, by force of the transaction, an express or implied contract or agreement or understanding of some kind between the insurance companies and said

brokers as to the payment by someone of said premiums. Otherwise the whole transaction would reduce itself to an absurdity. Therefore the findings which comport with rationality in the transaction of business must prevail over an obviously awkward phrase which from the context of the findings, as well as from the subject-matter of the action, cannot be true and would lead, if given effect, to an absurd result. Such a result. in the instant case may be avoided by disregarding the phrase which cannot possibly be accepted as a true statement of fact from the nature of the transaction out of which it arises.

■ The appeal is taken upon a very·scant bill of exceptions. Appellant assigns as error the insufficiency of the evidence to justify the finding that ''plaintiffs became indebted to the insurance companies for the payment of such premiums, and which is set forth as follows: 'but became and is indebted thereto for such premiums' ''. No attempt is made to point out in the bill of exceptions the particular in which the evidence was insufficient to sustain the finding of indebtedness. The assignment seems to be directed to the point that they are conclusions of law. A finding of indebtedness is not a conclusion of law, but the statement of an ultimate fact.

■ Appellant further specifies as error the refusal of the court to strike from the record an answer given or statement made by a witness called by the plaintiffs in reference to a question which is not embraced in the bill of exceptions. Said answer sought to be stricken out is as follows: ''that plaintiffs were liable to the insurance companies for such premiums''. It does not appear that said question was objected to by appellant. All the information which the bill of exceptions imparts is that appellant moved to strike the answer or statement out as being a conclusion of the witness, which motion was denied. The question which was not objected to may have been so framed as to have called for the answer given. In other words, the question may have included the very language which appellant here contends is a conclusion and not the statement of an ultimate fact. If so, it was the duty of appellant to have objected to the question rather than to await the answer and then move to strike it out if it proved to be disappointing.

■ While the bill of exceptions assigns in general terms the insufficiency of the evidence to sustain the findings of fact, there is no specification as required by section 648 of the Code of Civil Procedure, pointing out the *particulars* in which any of the evidence is insufficient. This is essential. (*Coglan* v. *Beard*, 67 Cal. 303 [7 Pac. 738] ; *Parker* v. *Reay*, 76 Cal. 103 [18 Pac. 124].) ■ No assignment is made that there is *no* evidence supporting the findings and judgment, but the assignment goes to the *insufficiency* of the evidence. The only specification contained in the bill of exceptions seems directed to the question of legal conclusions in the findings and the ruling of the court upon the motion to strike out the answer or statement of said witness on the ground that it was the opinion and conclusion of the witness. No claim is made that this specification affects the question of sufficiency of the evidence. There is nothing before us to suggest that had the court stricken out said answer it would have left the findings unsupported by the evidence. There may have remained in the record ample evidence to support the findings and judgment even had the court ruled with appellant's contention. All that is inferable from appellant's assignment is that the court committed an error of law in its ruling on a matter of evidence which does not appear to bear any relevancy to the question of the sufficiency of the evidence to support the findings and judgment. The particular specification not having been assigned as affecting the sufficiency of the evidence, and none other being so assigned, it must be presumed that the evidence supports the judgment. If it be conceded that the court erred in refusing to strike out the matter which appellant claims to have been the conclusion of the witness, the error, if such it be, may have been fully covered by other evidence on the subject to which no valid objection could be placed. ■ What has been here said is not to be taken as conflicting in any way with the rule that where a bill of exceptions is settled it will be presumed that it contains all the evidence necessary to explain the points specified. (*Abbey Homestead Assn.* v. *Willard*, 48 Cal. 614; *Couson* v. *Wilson*, 2 Cal. App. 181 [83 Pac. 262] ; *Wilson* v. *Atkinson*, 68 Cal. 590 [10 Pac. 203] ; *Hidden* v. *Jordan*, 28 Cal. 302.) "There is no presumption, as appellants insist, that a bill of exceptions embraces all of the evidence in the case,

but only so much thereof as is material to the exceptions assigned. (Citing authorities.) In the absence of such specification and the evidence in the case, the appellant's contention in this regard is not available to him upon this appeal." (*Estate of Randall,* 188 Cal. 329 [205 Pac. 118].)

There being no assignment that the ruling on the question of law above excepted to had anything to do with the sufficiency of the evidence supporting the contract or agreement existing between the insurance companies and plaintiffs it will be presumed that plaintiffs were authorized by contract or agreement to bring said actions and that there is evidence supporting such a finding. That a broker may contract with an insurance company for the payment of premiums by himself on insurance negotiated by the broker for the benefit of the insured cannot be questioned. In fact, such transactions between the insurance companies and brokers are contemplated by sections 633a–633a4 of the Political Code, and in cases where the broker collects the premium and fails to account for it to the insurance company which issued the policy, his bond is liable for the amount so collected. In the conduct of the business there can be no doubt as to agreements being frequently made between brokers and the insurance companies as to the assumption of the payment of premiums under some circumstances by the brokers. A broker who effects insurance may recover the premium in an action in his own name, especially where the insured requested him to charge the premium in his account with the insured. (33 C. J. 68.) "If the agent of an insurance company, upon his individual responsibility, extends credit for the premium to the assured, and pays the amount to or is charged with it by the company, such payment inures to the benefit of the assured and consummates the contract. . . . The agent may sue for and recover the amount in his own name." (16 Am. & Eng. Ency. of Law, pp. 859, 860; Cooley's Briefs on Insurance, 2d ed., vol. 2, p. 1512.) In the instant case we have the dual situation of the broker becoming obligated to the insurance company for the payment of the premiums and the assured agreeing with the broker to pay him the premiums on the policies which he procured for him and which he would not have obtained but for the broker's services. Judgment in the instant case would be a bar to the collection of the

premium by the insurance company, inasmuch as it will be presumed that the evidence adduced at the trial shows that the insurance companies authorized the substitution of the plaintiffs in place of the assured as to liability for the payment of said premiums.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.