[Civ. No. 3562. Third Appellate District.—September 21, 1928.]

NEW YORK CLOAK & SUIT HOUSE OF LOS ANGELES (a Corporation), Respondent, v. JOHN R. COSTON, Appellant.

John B. Haas and John D. Home for Appellant.

H. W. Kidd, O. O. Schell and Gerald F. H. Delamer for Respondent.

FINCH, P. J.—The court found that the defendant was indebted to the plaintiff in the sum of $600, with interest thereon, for money loaned to him by the plaintiff, and in the further sum of $1,498, and interest thereon, on account of moneys collected by him for the plaintiff and which he failed to deliver to the plaintiff. Judgment was entered accordingly and the defendant has appealed.

The evidence fully supports these findings and the appellant makes no contention to the contrary. The defendant was an employee of the plaintiff and, among other things, it was his duty to deliver merchandise to purchasers and collect the price thereof. He signed a written statement reading in part as follows:

"During the term of my employment with the New York Cloak & Suit House, I, with the intent to defraud, did withhold and fraudulently keep, for my own use, certain sums of money which were paid to me for and on behalf of the New York Cloak & Suit House, by customers for merchandise purchased and delivered to them. . . . I further confess that the total sum of money involved in such defalcation is an amount as to the exact total of which I have no definite knowledge, and I am willing to confess said total to be whatever amount may be determined by the proper authorities and auditors after investigation covering the period of my employment at the New York Cloak & Suit House."

Appellant first contends that the court erred in allowing interest on the money loaned to him and that embezzled by him on the ground that "neither of the accounts were stated." The court found the amounts and dates of the several loans and, nothing to the contrary appearing, it is presumed that the loans were made upon interest. (Civ. Code, sec. 1914.) The court also found the amount

of each embezzlement and the date thereof. The plaintiff is entitled to interest on each such amount from the date of its conversion. (Civ. Code, sec. 3336.)

The evidence shows that the Paris Cloak & Suit House and the Palais de Mode, corporations, have the same stockholders and officers as the plaintiff and are operated and managed in connection with the plaintiff and from the plaintiff's place of business. The defendant had no direct transactions with these corporations, but some of the collections for which he failed to account were for merchandise sold by them. The defendant was not employed by them, but by the plaintiff, which acted for itself as well as for the other corporation. All packages from those corporations were taken to the plaintiff's store and "entered on a general sheet" and then delivered by its employees to the Coston Delivery Service, operated by the defendant. All collections for sales accounted for by the defendant were turned in to the plaintiff's cashier and were then credited on its books to the respective corporations which had made the sales. The court found that the plaintiff acted as a trustee for the other corporations and was to hold the moneys collected for them as their trustee. Appellant contends that the foregoing facts do not show that the plaintiff was such trustee and that therefore the plaintiff cannot maintain this action in so far as it involves moneys due the other corporations. There is no merit in the contention. (Code Civ. Proc., sec. 369; *Harris* v. *Clayton,* 186 Cal. 445, 449 [199 Pac. 776].)

The answer alleges that, prior to the commencement of this action, the defendant conveyed certain property to an agent of the plaintiff to secure payment of the moneys sued for herein and that the plaintiff's only cause of action is a suit to foreclose his interest in the property so conveyed. The court found on sufficient evidence "that said conveyance was to secure . . . certain indebtedness of the defendant to the plaintiff and to said other persons, but that said conveyance had no connection with the indebtedness . . . sued upon in this action, and was to secure a different and distinct indebtedness, which said indebtedness is not involved in this action."

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.