[Civ. No. 6879. Second Appellate District, Division Two.—January 11, 1932.]

STELLA BURNS, Respondent, v. RENAKER COMPANY (a Copartnership) et al., Appellants.

Dunn & Sturgeon for Appellants.

A. D. Orme and John C. Davis for Respondent.

FRICKE, J., *pro tem.*—Plaintiff's first cause of action is one for services rendered by her personally and the second cause of action is upon an assigned claim for services rendered by Jewel W. Burns, her husband. The only attack by this appeal is upon the judgment on the first cause of action, whereby respondent was awarded $732.30 with interest from the date of the termination of her services.

Appellant Renaker Company, a copartnership consisting of C. Taylor Renaker and his mother, was engaged in the

undertaking business. While there is some conflict in the testimony, there is evidence sustaining the conclusion that one Leslie Renaker was employed by the copartnership and was in authority equal to that of C. Taylor Renaker, hiring and directing employees and participating in managing the business. ■ It is not denied that respondent rendered services as a lady assistant, but appellants contend that there is no support for the court's finding that appellants promised and agreed to pay her at the rate of $100 a month. We agree with this contention, for there is an entire absence of any testimony of either such a promise or agreement. That finding may, however, be disregarded, for the balance of the findings are a sufficient foundation for a recovery at the rate of $100 per month as the reasonable value of services rendered.

■ Appellants further contend that there was an agreement that the compensation for the services of respondent was included in the salary paid her husband. This claim is based upon the testimony of C. Taylor Renaker that he had such an agreement with Jewel W. Burns, husband of respondent. Not only is this denied in the testimony of the husband, but there is an entire lack of evidence that the latter had authority to make such an agreement. It is also significant that the husband rendered services for a full month before the wife was employed and that his salary for that month was as large as his salary during the months while she was employed. A reading of the transcript discloses sufficient evidence to sustain the conclusion that respondent was employed by appellants through Leslie Renaker, who on several occasions assured her that she would be paid for her services. There is also evidence that after respondent left the employment Mrs. Renaker, one of the partners, made the admission that a big check was due respondent and she would see that she received it. The trial court was warranted in refusing to find that respondent's compensation was included in the amount paid to her husband.

■ Appellants assign as error the allowance of interest on the first cause of action prior to judgment, the court having allowed interest from the date of the termination of respondent's employment. They rely upon the case of

*Macomber* v. *Bigelow,* 123 Cal. 532 [56 Pac. 449, 451], which holds, in an action for the reasonable value of services and materials furnished "the amount, character and value of which could only be established by evidence in court or by an accord between the parties and which are not susceptible of ascertainment either by computation or by reference to market rates", that the plaintiff is not entitled to interest prior to verdict or judgment. This rule is well settled in this state and is followed in *Shellenberger* v. *Baker,* 101 Cal. App. 615, 618 [281 Pac. 1102], and *Kimes* v. *Davidson Inv. Co.,* 101 Cal. App. 382 [281 Pac. 639], both cases being actions for the reasonable value of services rendered. These authorities do not exclude interest as part of the recoverable damages for the reason that the actions were for the recovery of reasonable value, but because, under the facts, the person liable did not know the sum due until this was determined by verdict or decision, and, until determined, there could be no default. (*Cox* v. *McLaughlin,* 76 Cal. 60, 67 [9 Am. St. Rep. 164, 18 Pac. 100].) Where the amount due may be computed from fixed data, interest would be recoverable from the time the debt became due even though the action were one for the recovery of reasonable value of the services rendered. In the case at bar there were no facts from which could be computed the reasonable value of the services rendered by respondent, and the court erred in allowing interest on the amount due on the first cause of action.

The judgment is modified by subtracting therefrom the item of interest on the sum of $732.30 from November 19, 1927, and as so modified it is affirmed.

Works, P. J., and Craig, J., concurred.