[Civ. No. 30243.   Second Dist., Div. Two.   Mar. 16, 1967.]

REPUBLIC INDEMNITY COMPANY, Plaintiff and Respondent, v. MAIER BREWING COMPANY, Defendant and Appellant.

James J. Arditto and Daniel B. Condon for Defendant and Appellant.

Wyman, Finell & Rothman and Alan D. Croll for Plaintiff and Respondent.

ROTH, P. J.—Maier Brewing Company (Maier) appeals from a judgment in favor of Republic Indemnity Company (Republic) for $7,072.52 plus interest from May 1, 1962 for premiums due Republic on a workmen's compensation insurance policy issued to Maier by Republic.

On or about June 1, 1961, the Raab Agency (Raab), general agent of Republic, accepted an application from Maier for workmen's compensation insurance. Maier told Raab that because of what it deemed a misunderstanding with the Rating Bureau, its rates for workmen's compensation coverage had gone up sharply and unless Raab could get it coverage at a low rate, Maier would become a self-insurer. Raab assured Maier that it would do its best to get a rate of $1.33 per hundred for the brewery.

On July 1, 1961, Republic issued an insurance policy to Maier, which included as required by law, the provision

". . . that the rates therein were tentative, subject to any experience and/or schedule rating as promulgated by the California Inspection Rating Bureau. . . ." Thereafter, Republic billed Maier at rates higher than $1.33; Maier paid only at the $1.33 rate and continued to complain to Raab over the difference. Raab continued ot try to get the rate fixed at $1.33.

On March 14, 1962, California Inspection Rating Bureau issued a final "schedule rating modification" providing for a higher rate for Maier's insurance coverage. On April 16, 1962, Maier canceled its policy with Republic. On May 7, 1962, Raab sued Maier for certain portions of premiums owing which Maier had refused to pay on the workmen's compensation policy issued by Republic, and on two other fire policies issued by other companies neither of which is now relevant to this litigation.

On November 25, 1964, Raab, predicated upon sections 473 and 385 of the Code of Civil Procedure, moved for leave to file a first amended complaint substituting Republic as plaintiff for Raab and omitting all allegations in respect of the two fire policies. Raab averred in support of its motion that it had assigned to Republic all Raab's rights to the premiums owed by Maier to Republic. The motion to substitute plaintiffs was granted, despite Maier's objections.

Maier, relying on *Nisbet* v. *Rhinehart*, 2 Cal.2d 477, 481, 482 [42 P.2d 71], argues that Raab could not commence the action in its name to recover "unless it has paid the premiums to the insurer, or . . . become personally liable to the insurer for the premium." Maier contended that Raab had not paid the premiums and was not responsible for them; Raab therefore had no claim against Maier when the suit was originally filed in 1962, it had nothing to assign, and Republic, to avoid the two-year statute of limitations for oral contracts, had itself substituted instead of filing a new suit in its own name.

The record shows that respondent introduced a contract between respondent and Raab as Exhibit 14, calling specific attention to paragraph 5 thereof and the fact that Raab was released from ". . . *any responsibility to collect premiums. . . .*" (Italics added.) This was sufficient evidence to show Raab's liability for the court to find that Raab had a liability for the premiums. The doctrine of *Nisbet* has been met.

Maier contends too that there is no valid assignment of the Raab claim, even if it had one.

A letter dated February 5, 1964, is in evidence. It is from Raab to its attorneys who also represented Republic. While not a model of a direct assignment, the letter makes clear that if releases are obtained as to Raab's liability for Maier's unpaid premiums to Republic, Raab specifically waives any claim it may have to continue the litigation against Maier. Thereafter, with the consent and aid of Republic, the attorneys for Raab and Republic completed the substitution of parties' plaintiff. The conduct of Raab and Republic, through their joint counsel and a declaration in support of the motion to substitute parties' plaintiff by the chairman of the board of Republic, averring that plaintiff assigned to Republic all its right, title and interest in the policy and to the premiums pertaining to the policy, supports the finding: "8. After the commencement of the action herein, THE RAAB AGENCY has duly and validly assigned to the plaintiff, REPUBLIC INDEMNITY COMPANY OF AMERICA all of THE RAAB AGENCY's right, title, and interest in and to said policy and all of THE RAAB AGENCY's right, title and interest in and to the premiums due on said policy." In *Anglo California National Bank* v. *Kidd,* 58 Cal.App.2d 651, 655-656 [137 P.2d 460], recently reiterated in *California Pacific Title Co.* v. *Moore,* 229 Cal.App.2d 114, 117 [40 Cal.Rptr. 61], it is held the *form* of an assignment is not important so long as the *intention* of the assignor is ascertainable. The intention of Raab and Republic, as manifested by the record is crystal clear and equally important is the fact that although clumsily expressed, the assignment was acted upon as if it had been worded by an expert draftsman.

Maier contends too that Raab had orally agreed to write the workmen's compensation policy at a premium of $1.33 per $100. When Maier told Raab that if he did not, he planned to become a self-assured, Raab contended that it agreed only to use its best efforts to maintain that rate. The trial court found from ample evidence:

"10. Plaintiff agreed to use its best efforts to secure, for defendant, as low a rate as possible on said policy.

"11. Plaintiff did use its best effort to secure as low a rate as possible for defendant.

"12. The original policy, as issued, provided that the rates therein were tentative, subject to any experience and/or schedule rating as promulgated by the California Inspection Rating Bureau; that said provision was included in the policy in compliance with the laws of the State of California.

"13. On March 14, 1962, pursuant to the terms of the agreement, the California Inspection Rating Bureau issued a final schedule rating modification, modifying the rate schedule and pursuant thereto, plaintiff issued Endorsement number 3 to said policy entitled Experience Modification establishing the proper rate schedule for premiums to be charged for the coverage under said policy.

"14. The policy with the Endorsement and rate schedule modification by the California Inspection Rating Bureau, continued in full force and effect until on or about April 16, 1962.

"15. At the request of defendant, said policy was canceled on April 15, 1962.

"16. The total audit premiums, based on the payroll of defendant, for the period during which said policy was in full force and effect amounted to $20,226.68."

It is clear from the above findings, the original complaint, the first amended complaint, and the evidence, that the Raab claim as originally filed, and the Republic claim are based upon premiums due under workmen's compensation policy number PC 904049, not upon an alleged oral contract, as claimed by Maier. In these circumstances, the statute of limitations was four years. Since the only possible objection Maier could have had to Republic's right to sue in its own name, as Maier itself admits, would be that at the time Republic became a party to this lawsuit, the statute of limitations had run against it. It is clear as a matter of law that even if Raab did not have a claim (*Nisbet, supra*) or even if there had been no assignment by Raab, that Republic as the principal had the right to be substituted for its agent.

Maier bases its claim for an accord and satisfaction upon the fact that when it was billed by Republic at a higher rate, its agreement with Raab was breached, and it informed Raab both orally and in writing that unless it could "deliver" at the $1.33 rate, to cancel the policy and further, that there was a continued acceptance by Raab of the lesser sums transmitted as premium payments. However, the evidence and findings make clear that there was no oral agreement to write the policy at $1.33 per $100 and that the lesser sums were accepted pending Raab's efforts to obtain the $1.33 rate.

Accord and satisfaction requires the following elements: proper subject matter, competent parties, a meeting of the minds, and consideration. (*Kelly* v. *David D. Bohannon*

*Organization,* 119 Cal.App.2d 787, 792 [260 P.2d 646]; 1 Cal. Jur.2d 233.) Further, there must be a dispute as to the amounts due. (*Potter* v. *Pacific Coast Lumber Co.,* 37 Cal.2d 592, 597 [234 P.2d 16].) In the instant case, there was no real question as to the amounts owing on the insurance, a definite sum was stated on billing invoices sent to Maier and was based on rates set by the Rating Bureau, as provided in the contract. When Maier sent its final check with the endorsement "paid in full," the check was not cashed but was returned. This would remove any question of meeting of the minds or acceptance of a lesser sum. There was no accord and satisfaction.

*Finally, Maier argues that the judgment should carry no interest.*

Section 3287 of the Civil Code provides, in part: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation. . . . [as of a certain day] . . . is entitled also to recover interest thereon from that day. . . ." It is Maier's contention that since the trial court took evidence and made calculations which arrived at a sum less than requested in the complaint, interest was not recoverable.

As a general rule, interest is not allowed prior to rendition of judgment where the amount of recovery cannot be ascertained from the fact of a contract or by reference to a well-established market value. (*Maurice L. Bein, Inc.* v. *Housing Authority,* 157 Cal.App.2d 670, 686 [321 P.2d 753].) The rationale for this rule is that where a defendant does not know the amount owing and cannot ascertain it except by accord or judicial process, he cannot be in default for not paying it. (*Conderback, Inc.* v. *Standard Oil Co.,* 239 Cal. App.2d 664, 690 [48 Cal.Rptr. 901]; *Chase* v. *National Indemnity Co.,* 129 Cal.App.2d 853, 865 [278 P.2d 68].) The crucial question is not how damages are calculated, but whether the debtor has the information to enable him to compute them. (*McConnell* v. *Pacific Mutual Life Ins. Co.,* 205 Cal.App.2d 469, 479 [24 Cal.Rptr. 5].)

In the instant case, the regular billings sent to Maier clearly apprised it of the amount owed to Republic. The calculations necessary at trial were required by Maier's payments of lesser sums. The difference between the amount asked in the complaint and the amount awarded was a single credit for a return premium, which Maier could have deducted itself.

The reasons for failing to award interest from May 1, 1961, are absent here and interest was properly recoverable.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied April 11, 1967, and appellant's petition for a hearing by the Supreme Court was denied May 10, 1967.