**G. R. BOTT, Plaintiff-Appellant,**

**v.**

**AMERICAN HYDROCARBON CORPO-RATION, Defendant-Appellee.**

**No. 29379.**

United States Court of Appeals,
Fifth Circuit.

April 28, 1971.

Alan M. Mund, Beverly Hills, Cal., Michael Lowenberg, Dallas, Tex., Fulop, Rolston & Burns, Beverly Hills, Cal., and Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for plaintiff-appellant.

Dean Carlton, Dallas, Tex., for defendant-appellee.

Before COLEMAN, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant Bott brought two identical suits against the appellee American Hydrocarbon Corporation (AHC), a Delaware corporation, his former employer. The first was filed in United States District Court in Texas, the second a few months later in the state courts of California. Both were on the same cause of action and concerned claims that arose in California.

The California action was removed to United States District Court in that state, which, on the suggestion of the court, with the concurrence of the defendant, and with the statement of plaintiff that he did not oppose it, ordered the California suit transferred to the Texas District Court where the first-filed action was pending. The transfer order stated that transfer was without prejudice to the rights of the parties in the Texas case but did not refer to their rights in the California case. Bott then moved the Texas District Court to consolidate the cases for purposes of trial, and the court ordered consolidation "without prejudice to the rights of the parties therein."

In the suits Bott claimed that AHC was indebted to him by account (and account stated) consisting of seven specific items, all unwritten. Six items concerned payments or advances of money or property allegedly made by Bott to discharge debts or obligations of the corporation. A seventh item was for salary. In the trial of the consolidated cases Bott was successful in winning a jury verdict on some of his claims, but as to them the court granted a judgment n/o/v for AHC. Also it granted AHC's alternative motion for new trial. We reverse both the grant of judgment n/o/v and alternative grant of new trial.

AHC asserted the defense of the statute of limitations. At trial Bott introduced evidence tending to show that limitations had been avoided by acknowledgment of the debts and by the corporation's departure from California after the claims had accrued but before the limitations period had expired. AHC offered no evidence but moved for a directed verdict as to all claims on the grounds that they were barred by the Texas statute of limitations and that there was insufficient evidence of any avoidance of the statutory period. This was denied. However, a directed verdict was granted for AHC as to three of the expense items for failure of proof. The jury considered the remaining three expense claims and the salary claim. Responding to special interrogatories, the jury found that Bott had paid AHC's bank overdraft of $15,000 on or about December 30, 1964, and had paid $4,000 to a stock registrar for the benefit of AHC on or about April 22, 1965, and that between 1965 and 1968 AHC acknowledged and agreed to pay each of these debts. On the third expense item submitted to it, the jury found the item was not owing. As to salary, the jury found that AHC owed Bott $6,527.28, and that between 1965 and 1968 appellee acknowledged and agreed to pay this debt. On the issue of tolling by the corporation's ceasing to do business in California, the jury found that AHC had not done business in that state since May 1965.

In considering the motion for judgment n/o/v, the District Judge concluded that the Texas statute of limitations governed the Texas suit, and that the California statute no longer applied to the California suit after it had been transferred to Texas "at the instance of [the California court] and without a motion by defendant," with the result that the two-year Texas statute for unwritten claims, Art. 5526, governed the consolidated cases.[1] She concluded also that the writings relied on by Bott to avoid the statutory period did not contain an acknowledgment as required by Art. 5535 [sic—Art. 5539] Vernon's Civil Statutes.[2] The order granting judgment

---

1. Art. 5526, Vernon's Ann.Civil Statute provides:

   "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

   "Actions for debt where the indebtedness is not evidenced by a contract in writing."

2. "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

n/o/v made no reference to tolling by AHC's ceasing to do business in California. Presumably, in view of its conclusion that the California statute of limitations was inapplicable, the court considered that this California rule of tolling also did not apply.

The problems of this case center around choices of governing law. No choice of law need be made as to the governing statute of limitations, because in both California and Texas the period for suit on an unwritten claim is two years. Art. 5526, Vernon's Civil Statutes; Cal. Code Civil Proc. § 339.

As to tolling by the corporation's ceasing to do business in California, we doubt that there is a conflict of law, but we conclude that, if there is, the California law is the correct choice. Applying that law, the jury finding that AHC did no business in California after May 1965 entitles the plaintiff to entry of judgment on the jury verdict.

We begin with the California Code of Civil Procedure, § 351, which provides:

If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action.

We consider this section in the light of the transfer of the California case to Texas and the subsequent consolidation. In Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court held that wrongful death actions brought in Pennsylvania and transferred to Massachusetts on petition of the defendant under 28 U.S.C. § 1404 must be tried under substantive Pennsylvania law, that a change of venue under § 1404(a) "generally should be, with respect to state law, but a change of courtrooms." 376 U.S. at 639, 84 S.Ct. at 821, 11 L.Ed.2d at 962. The Court specified that it did not consider whether all § 1404(a) cases, including those where transfer is not at the instance of the defendant, required application of the law of the transferor state. But the Court's holding paid great deference not only to the plaintiff's choice of forum and to having its laws apply, but also to sound *Erie* principles dictating that transfer should not be used to achieve a result which could not have been achieved in the courts of the state of filing. 376 U.S. at 638, 84 S.Ct. 805, 11 L.Ed.2d at 962. This policy of *Van Dusen* is not made inapplicable by the fact that the application for transfer originated in a suggestion by the court and with concurrence by the defendant and not in a motion by defendant.[3] Therefore, we conclude that when the California action was transferred to Texas the California law went with it. But this is only the first step, because the Texas District Court found pending before it two separate but identical actions between the same parties, which it consolidated. As that court recognized in its order, consolidation must not prejudice the rights of parties. *See* 5 Moore, Federal Practice, ¶ 42.02, at 42–21 (2d Ed.1969). The Texas court could not try the consolidated cases under two sets of laws if to do so would produce differing re-

3. These facts, plus the plaintiff's statement that he did not object, make the transfer almost, though not quite, a stipulated one. *See* Spires v. North Amer. Acceptance Corp., 383 F.2d 745 (5th Cir. 1967), concerning a cause filed in South Carolina and, after process could not be obtained there, transferred to Georgia by stipulation. South Carolina law of damages was applied to deny a motion to dismiss on the ground of lack of jurisdictional amount under Georgia law.

*See also*: H. L. Green Co. v. MacMahon, 312 F.2d 650 (2d Cir.), cert. denied, 372 U.S. 928, 83 S.Ct. 876, 9 L.Ed. 2d 736 (1963); Headrick v. Atchison, Topeka & S. F., 182 F.2d 305 (10th Cir. 1950); Wilkes v. H. M. Wrangell & Co., 293 F.Supp. 522 (D.Del.1968); Kaiser v. Mayo Clinic, 260 F.Supp. 900 (D.Minn.), aff'd 383 F.2d 653, 8 Cir.; Gomez v. The S. S. Dorothy, 183 F.Supp. 499 (D.Puerto R. 1959.)

sults. If there was a conflict, it was required to make a choice of law.

■ We can safely assume that in a California action the courts of that state would apply California principles relating to tolling caused by a corporation's ceasing to do business in that state. We think it likely that, in a Texas action, the courts of Texas, as a part of its conflict of laws rules, would also apply the California standards of this particular type of tolling. This cause arose in California between a foreign corporation doing business there and a California resident employed by it. The state in which the cause arises has a unique interest in preserving the viability of claims of its residents against foreign corporations which cease to do business after the causes of action have arisen—this is the *raison d'etre* for this type of tolling. AHC is a Delaware corporation. Texas' status as forum arose only because AHC was amenable to process there. Moreover, Texas has the same policy of protecting its residents in their claims against departing corporations as does California, Art. 5537, Vernon's Civil Statute.[4] *Cf.* State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227 (1958). This section was enacted to protect domestic creditors from inconvenience and loss occasioned by absence of their debtors and consequent immunity from process and judgment. Gibson v. Nadel, 164 F.2d 970 (5th Cir. 1948). In Butler v. Merchants National Bank, 325 S.W.2d 229 (Tex.Civ.App.1959), the Texas court applied to an Alabama-based action the Alabama law to determine if limitations had been extended by acts taking place in Alabama.

Thus, we are persuaded that Texas would apply California's tolling rule, so that the Texas District Court, with the two cases before it, would apply California law in the consolidated trial be-

cause it is the law that would be chosen by both states. However, even if Texas' choice of law were different, so that the District Court was required to choose between competing rules for the consolidated trial, we have no doubt that the primacy of California interests should prevail and that the court should choose California law.

■■ AHC may not escape the tolling of California's § 351 on the basis of Steiner v. 20th Century-Fox Film Corp., 232 F.2d 190 (9th Cir. 1956), which states that a tolling statute is not applicable to absentee defendants who are otherwise amenable to process. The defendant suggests that from May 1965 to the time the California suit was filed it was, or may have been, amenable to substituted service on the Secretary of State of California under California Corporations Code § 6504, which provides in part:

> A foreign corporation which has transacted intrastate business in this State and has thereafter withdrawn from business in this State may be served with process in the manner provided in this chapter in any action brought in this State arising out of such business,
>
> \* \* \* \* \* \*

But service of process on a withdrawn foreign corporation may be effected by substituted service on the California Secretary of State only when prior to its departure from the state the corporation was engaged in California in intrastate business, which means repeated and successive transactions of its business in the state. California Corporation Code, §§ 6504, 6203; Raynolds v. Volkswagenwerk Aktiengesellschaft, 275 Cal.App.2d 997, 80 Cal.Rptr. 610 (1969). AHC introduced no evidence, so it was not proved that prior to May 1965 it engaged in intrastate business in California, or that the Bott claims arose out of that

---

4. "If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

business. The burden was upon AHC to establish its affirmative defense of limitations. Once the expiration of the statutory period was shown, if Bott wished to claim tolling he was required to come forward with evidence thereof. Once he made out a prima facie case of absence of the defendant corporation from California, causing § 351 to apply, the burden was upon the defendant to produce evidence to show that in spite of its absence the statute did not toll. Bertha Bldg. Corp. v. National Theatres Corp., 248 F.2d 833 (2d Cir.), cert. denied, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958). Defendant's position in this instance is analogous to that of the defendant who, after his absence or nonresidence is shown, wishes to avoid the bar of the statute by claiming he has returned to the state for a sufficient length of time—the burden is upon him to prove his claim. Banister v. Solomon, 126 F.2d 740 (2d Cir. 1942). AHC did not meet its burden.[5] The Texas District Court was required to give effect to § 351, which tolled the two-year period.

The plaintiff being entitled to judgment on the verdict because the two-year period was tolled by defendant's absence from California, it is unnecessary for us to reach the issue of whether the statute was tolled on the alternative ground that the debts were acknowledged. The court's grant of an alternative new trial based on error in charging on the sufficiency of an acknowledgment must be reversed.

The judgment notwithstanding the verdict is reversed. The grant of the alternative motion for new trial is reversed. Remanded for entry of judgment for plaintiff.

5. One inconsistency must be noted. The California action was filed in 1969 in state court, and service of process was obtained over AHC, by what means we do not know, whether by consent or otherwise. Arguably this California service of process has some probative force indicating that the jury finding that AHC had done no business in California since May 1965 was erroneous. But we cannot set aside a jury finding by speculating about the unexplained California process. In any event, the key to AHC's escaping the tolling statute was for it to prove that it did intrastate business in California prior to the time the Bott claims arose, and that those claims arose out of such business. Service of process on it in California in 1969, four and a half years later, does not prove those essentials.