**G. R. BOTT, Plaintiff-Appellant,**

v.

**AMERICAN HYDROCARBON CORPORATION, Defendant-Appellee.**

No. 71–3206.

United States Court of Appeals, Fifth Circuit.

April 11, 1972.

Alan M. Mund, Beverly Hills, Cal., Akin, Gump, Strauss, Hauer & Feld, Michael Lowenberg, Dallas, Tex., Fulop, Rolston, Burns & McKittrick, Beverly Hills, Cal., for plaintiff-appellant.

Dean Carlton, Donnie R. Duplissey, Carlton & Duplissey, Dallas, Tex., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

This is an appeal from the district court's refusal to award pre-judgment interest to Bott on unpaid wages and indebtedness due him from American Hydrocarbon Corporation (AHC). We reverse.

During 1964 and 1965, while Bott was employed by the AHC, he advanced money to others in its behalf. There were no written memoranda between Bott and AHC evidencing these transactions. After repeated demands for repayment AHC did acknowledge the loans and promised repayment.[1] Bott also claimed that AHC owed him wages for services rendered. The loans and services were all performed in the state of California.

After failing in his attempts to collect these debts Bott brought suit in the United States District Court for the Northern District of Texas. A few months later he also filed suit in a California state court which was removed to the United States District Court for the Central District of California. The latter case was transferred and consolidated with the case in Texas.

The jury found that AHC was indebted to Bott for $15,000 he had paid to a bank on December 30, 1964 for an AHC overdraft, and for $4,000 he paid to a stock registrar for AHC. It also found that AHC owed Bott $6,527.28 in wages for his services from April 1, 1964 to May 22, 1965. The court subsequently granted AHC's motion for judgment n/o/v on the ground that the Texas statute of limitation barred these claims.

On appeal this court reversed the judgment and remanded the case for entry of judgment for Bott. We held that the California, not the Texas, statute of limitation applied and that it had not yet run. Bott v. American Hydrocarbon Corp., 5 Cir. 1971, 441 F.2d 896. The district court, in accordance with the mandate, entered judgment for Bott but declined to award him pre-judgment interest.

■■■ Bott argues that he is entitled to pre-judgment interest under California law and AHC contends that the district court's judgment was proper under Texas law. Both parties alternatively contend that under either California or Texas law the issue should be decided in their favor. We must follow the Texas conflict of laws rules to determine which state law applies. Klaxon Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 61 S. Ct. 1020, 85 L.Ed. 1477; Schewe v. Bentsen, 5 Cir. 1970, 424 F.2d 60, 62. Texas considers interest damages a substantive matter controlled by the law of the state where the cause of action arose. Corrosion Rectifying Co. v. Freeport Sulphur Co., S.D.Tex.1961, 197 F.Supp. 291, 293; Cf. Seale v. Major Oil Co., 428 S.W.2d 867, 869 (Tex.Civ.App.—Eastland 1968, no writ). Because this cause of action arose in California we apply that state's law.[2]

■■ Calif.Civ.Code § 1914 (West 1954) provides:

Whenever a loan of money is made, it is presumed to be made upon interest, unless it is otherwise expressly stipulated at the time in writing.

---

1. Although AHC acknowledged the fact that Bott had claims against it there was no approval of all his claims or their exact amounts.

2. The same conflict of laws considerations in Bott v. American Hydrocarbon Corp.,

5 Cir. 1971, 441 F.2d 896, 899–900, the former appeal, apply here with respect to pre-judgment interest. We are therefore bound to follow that decision as the law of the case.

In the circumstances of this case it is clear that Bott's payment to the stock registrar and to the bank were loans of money. Because there was no writing at the time expressly stipulating that interest was not to be paid, interest at the legal rate is presumed to begin from the time the money was loaned.[3] *See* Harlan v. Ott, 1954, 126 Cal.App.2d 590, 272 P.2d 522, 525; Williams v. Kinsey, 1946, 74 Cal.App.2d 583, 169 P.2d 487, 499; New York Cloak & Suit House of Los Angeles v. Coston, 1928, 94 Cal.App. 94, 270 P. 695.

■ Bott is also entitled to interest on his wage claim if the amount awarded was a sum certain and vested in him on a particular day. Calif.Civ.Code § 3287(a) (West 1970); [4] Union Sugar Co. v. Hollister Estate Co., 1935, 3 Cal.2d 740, 47 P.2d 273, 280; Robey & Co. v. City Title Ins. Co., 1968, 261 Cal.App.2d 517, 68 Cal.Rptr. 38, 43. AHC argues that neither the amount nor the time the amount was due is certain because these are precisely the issues that were litigated at the trial. AHC offered no evidence at the trial, hence we do not accept its contention that these issues were in dispute. In any event, this reasoning, if accepted, would emasculate the statute. It is tantamount to saying that any time this issue is litigated there can be no pre-judgment interest. That this was not the legislature's intent in enacting the statute is perspicuous. The fact that an obligor contests liability does not make the amount uncertain under the statute. Continental Bank v. Blethen, 1970, 7 Cal.App.3d 178, 86 Cal.Rptr. 485, 491; Rabinowitch v. California Western Gas Co., 1967, 257 Cal.App.2d 150, 65 Cal.Rptr. 1, 7.

■■ Although both the amount and the time it is due must be certain or capable of being made certain by calculation, the crucial question is not how the damages are calculated but whether the debtor has enough information to enable him to compute them. Republic Indemnity Co. v. Maier Brewing Co., 1967, 249 Cal.App.2d 495, 57 Cal.Rptr. 670, 674. If the amount due is computable from fixed data, interest is recoverable even in an action for the reasonable value of services. Burns v. Renaker Co., 1932, 119 Cal.App. 578, 6 P.2d 967, 968.

■ In his first amended complaint Bott alleged that AHC owed him $25,000.00 for services rendered between April 1, 1964 and June 15, 1965. The jury found that he was entitled to $6,527.28 in wages for that period of time. The discrepancy in amounts is due to the uncertainty concerning how many salary payments were made during that period. Bott claimed he had not been paid at all during 1964 and 1965; however, in his income tax returns for those years he reported wages received from AHC. The jury was not called upon to calculate a disputed wage rate but to decide how many payments at the predetermined rate were not made.

Uncontested evidence revealed that Bott was entitled to a salary of $20,000.00 per annum prior to July 1, 1964 and $21,000.00 thereafter. The amount that was due was therefore calculable. He is therefore entitled to pre-judgment interest at the legal rate from May 22, 1965.

■ Assuming *arguendo* that interest can be awarded, AHC asserts that it is solely within the court's discretion to do so, and where, as here, there has been no abuse of discretion, the failure to award pre-judgment interest cannot be set aside. We disagree. Section 1914, *supra*, provides on its face that interest is to be presumed. If AHC has

3. The legal rate of interest is 7% per annum under the California law. Calif. Civ.Code § 1916-1 (West 1954).

4. § 3287 Interest on damages; right to recover; time from which interest runs

(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, . . .

not overcome this presumption, surely the district court cannot do so by an exercise of discretion. Under section 3287(a) pre-judgment interest is awarded as a matter of right.[5] Rabinowitch v. California Western Gas Co., *supra*. The fallacy of the discretionary argument of AHC is emphasized by section 3287(b) in which the court is given the discretion to award pre-judgment interest for unliquidated damages.[6] When the legislature has carefully employed a term in one section of a statute and has excluded it in another, it should not be implied where excluded. *See e. g.* Federal Trade Commission v. Sun Oil Co., 1963, 371 U.S. 505, 514–515, 83 S.Ct. 358, 9 L.Ed.2d 466, and J. Ray McDermott and Co. v. Vessel Morning Star, 5 Cir. 1972, 457 F.2d 815 (en banc).

In a related argument, AHC urges that the district court's *nunc pro tunc* amendment of the judgment after entry, by striking out an award for pre-judgment interest, was within its discretionary power because Bott had not requested interest until the Court had rendered its judgment. The record does not bear this out. Bott's first amended complaint specifically prayed for interest at the legal rate.

The judgment is reversed and the case is remanded with directions to the district court to enter a judgment which includes pre-judgment interest on the respective loans from the dates thereof and pre-judgment interest on the wage award from May 22, 1965.

Reversed and remanded with directions.

CLARK, Circuit Judge (specially concurring):

The final sentence of F.R.A.P. 37, which provides: "If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.", fits this case like a glove. Neither our prior opinion directing the entry of a money judgment by the court below nor our mandate entered thereon, contained any instructions with respect to the allowance of interest. The second paragraph of the advisory committee's note makes it clear that this sentence was included in the rule to remind of and ameliorate the result of Briggs v. Pennsylvania R. R., 334 U.S. 304, 68 S. Ct. 1039, 92 L.Ed. 1403 (1948).

I would hold that the only proper procedure was to seek recall of our prior mandate and its amendment. Since I concur in the opinion of Judge Dyer on the merits of the interest question, I concur in the result.

5. See note 4, *supra*.

6. § 3287(b)
Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.